**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1897-18T4

ALLSTATE NEW JERSEY INSURANCE
COMPANY, ALLSTATE INDEMNITY
COMPANY, ALLSTATE NEW JERSEY
PROPERTY AND CASUALTY
INSURANCE COMPANY, ALLSTATE
INSURANCE COMPANY, ENCOMPASS
INSURANCE COMPANY OF NEW
JERSEY, ENCOMPASS INDEMNITY
AND ENCOMPASS PROPERTY
AND CASUALTY OF NEW JERSEY,

     Plaintiffs-Appellants,

v.

CENTER CITY FAMILY PRACTICE,
INC., STEVEN J. GIAMPORCARO,
M.D., CHRIS R. GIAMPORCARO,
M.D., BETTY HENDRICKSON,
PAMELA KLENK, LPN, AGNES
THOMPSON, LPN, and BONN DAVIS,
LPN,

     Defendants-Respondents.

_____

Argued December 2, 2019 – Decided December 18, 2019

Before Judges Fasciale and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0939-14.

Todd J. Schwartz argued the cause for appellants (Pringle Quinn Anzano, PC, attorneys; Douglas Michael Alba, of counsel and on the briefs; Todd J. Schwartz, on the briefs).

Frank P. Brennan argued the cause for respondents (Flynn & Associates, PC, attorneys; Frank P. Brennan, on the brief).

PER CURIAM

Plaintiffs appeal a November 30, 2018 order enforcing a settlement agreement reached between the parties in the underlying action. Judge Arnold B. Goldman conducted an August 20, 2018 settlement conference, entered the November 30, 2018 order, and clarified his oral reasons in writing on January 31, 2019. We affirm substantially for the reasons expressed by the judge.

The underlying case involved allegations that defendants committed fraud by claiming licensed practical nurses performed physical therapy at Center City Family Practice. The parties placed their settlement agreement on the record. Both parties initially moved to enforce the settlement agreement. Plaintiffs then withdrew their motion. The judge—who participated in the settlement discussions—found the settlement agreement enforceable.

A-1897-18T4

On appeal, plaintiffs argue:

POINT I
THE TRIAL [JUDGE] ERRED IN ENFORCING A
PURPORTED SETTLEMENT BETWEEN THE
PARTIES BECAUSE THERE WAS NO MEETING
OF THE MINDS.

POINT II
THE TRIAL [JUDGE] ERRED IN ENFORCING A
PURPORTED SETTLEMENT BETWEEN THE
PARTIES BECAUSE THE ALLEGED
SETTLEMENT WAS PROCURED BY FRAUD.

POINT III
THE TRIAL [JUDGE] ERRED IN ENFORCING A
PURPORTED SETTLEMENT BETWEEN THE
PARTIES WHERE THE TRIAL [JUDGE] ADDED
TERMS TO THE ALLEGED SETTLEMENT WHICH
WERE NOT AGREED TO BY THE PARTIES.

In rendering his decision, the judge made findings of fact. This court reviews a judge's factual findings for an abuse of discretion. Cumberland Farms, Inc. v. N.J. Dep't of Envtl. Prot., 447 N.J. Super. 423, 437 (App. Div. 2016). "The general rule is that findings by the trial [judge] are binding on appeal when supported by adequate, substantial, credible evidence. Deference is especially appropriate when the evidence is largely testimonial and involves questions of creditability." Ibid. (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (citation omitted)). This court "should not disturb the factual findings and legal conclusions of the trial judge unless [we are] convinced that

they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. at 437-38 (alteration in original) (citation omitted).

In addition, the judge made legal determinations. We review issues of law de novo. Id. at 438 (citing State v. Parker, 212 N.J. 269, 278 (2012)). "The interpretation and construction of a contract is a matter of law for the trial [judge], [and is] subject to de novo review on appeal." Ibid. (citing Fastenberg v. Prudential Ins. Co. of Am., 309 N.J. Super. 415, 420 (App. Div. 1998)).

We reject plaintiffs' contention that the parties did not reach a meeting of the minds. "A settlement agreement between parties to a lawsuit is a contract." Nolan v. Lee Ho, 120 N.J. 465, 472 (1990). "Since the settlement of litigation ranks high in our public policy, settlement agreements will be honored absent a demonstration of fraud or other compelling circumstances." Cumberland Farms, 447 N.J. at 438 (internal quotation marks and citations omitted). A contract is formed when there is a meeting of the minds between the parties. Id. at 439; see also Morton v. 4 Orchard Land Tr., 180 N.J. 118, 129-30 (2004). There is only an enforceable contract when the parties agree on the essential terms and agree to be bound by those terms. Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992). "Where the parties agree upon the essential terms of a settlement, so

A-1897-18T4

that the mechanics can be 'fleshed out' in a writing to be thereafter executed, the settlement will be enforced notwithstanding the fact the writing does not materialize because a party later reneges."  Lahue v. Pio Costa, 263 N.J. Super. 575, 596 (App. Div. 1993) (citation omitted).

The judge found that the material terms of the contract were placed on the record at the August 20, 2018 conference:  "[$]75,000 in cash, and then it's three-quarters of the property . . . . not to exceed . . . . $400,000," and that the property be free of all liens.  When the judge clarified that the total amount of money would not exceed $400,000, plaintiffs' counsel stated "[t]hat's correct."  Defendants' attorney confirmed "that's the total sum of our agreement."  The judge verified that the agreement included no liens on the property, to which plaintiffs' attorney said "[t]hat is the deal[.]"  These are the essential terms of the settlement.

Plaintiffs contend that even if the parties reached an agreement, defendants committed fraud in the inducement.  In general, fraud is a defense to enforcing a settlement agreement, Honeywell v. Bubb, 130 N.J. Super. 130, 136 (App. Div. 1974), but fraud must be established by clear and convincing evidence.  Jennings v. Reed, 381 N.J. Super. 217, 227 (App. Div. 2005); Smith v. Fireworks by Girone, Inc., 380 N.J. Super. 273, 291 (App. Div. 2005).  A

party seeking rescission of the contract rather than damages must establish equitable fraud. Nolan, 120 N.J. at 472. To prove equitable fraud "a plaintiff must demonstrate a material misrepresentation made with intent that it be relied on, coupled with actual detrimental reliance." Ibid. (citing Jewish Ctr. of Sussex Cty. v. Whale, 86 N.J. 619, 625 (1981)).

If there is no affirmative misrepresentation, silence may constitute fraud when there is a duty to disclose a material fact. N.J. Econ. Dev. Auth. v. Pavonia Rest., Inc., 319 N.J. Super. 435, 446 (App. Div. 1998). Whether a duty exists is a question of law. United Jersey Bank v. Kensey, 306 N.J. Super. 540, 551 (App. Div. 1997). Parties have no duty to disclose "unless a fiduciary relationship exists between them . . . the transaction itself is fiduciary in nature, or . . . one party expressly reposes a trust and confidence in the other." N.J. Econ. Dev. Auth., 319 N.J. Super. at 446 (internal quotation marks and citation omitted). None of these conditions exist here.

To support their fraud contention, plaintiffs argue defendants failed to disclose before their agreement that defendants listed the property for $220,000, and that defendants had a tax appeal pending. Plaintiffs also maintain that after the parties placed their agreement on the record, defendants lowered the sale price of the property to $175,000. The judge found that these contentions failed

to establish fraud, especially given the high standard of clear and convincing evidence required to show that defendants fraudulently induced plaintiffs to settle the case and enter into the agreement.

Finally, plaintiffs contend that the judge erred by adding a carrying costs term to the settlement agreement. "So long as the basic essentials are sufficiently definite, any gap left by the parties should not frustrate their intention to be bound." Hagrish v. Olson, 254 N.J. Super. 133, 138 (App. Div. 1992) (citation omitted). We have stated that "when a contract is found to have emanated from an agreement on essential material terms, a [judge] will also fill the gaps created by the parties' silence by adding terms that accomplish a result that was necessarily involved in the parties' contractual undertaking." Kas Oriental Rugs, Inc. v. Ellman, 394 N.J. Super. 278, 287 (App. Div. 2007); see also Palisades Props., Inc., v. Brunetti, 44 N.J. 117, 130 (1965). Judges can fill the gaps in an agreement to achieve a "fair and just" result. Massar v. Massar, 279 N.J. Super. 89, 94 (App. Div. 1995). The judge here filled the gaps of the agreement after finding the essentials terms of the agreement.

The parties unambiguously agreed that plaintiffs would receive three-quarters of the property plus $75,000 in cash. The judge stated: "[plaintiffs] agreed to accept three-quarters of the property plus $75,000. Three-quarters of

the property includes the benefits and the detriments." The judge filled in the carrying-cost gap, concluding that the costs are to be allocated "as per the ownership percentage of . . . the building."

We have no reason to disturb the judge's factual findings, which the record supports. The judge did not abuse his discretion by adding the carrying cost term. We see no legal errors by the judge enforcing the settlement agreement, which the parties entered into after four and one-half years of litigation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION